UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

BERNARD NELSON )
    Plaintiff, )
) No. 3 08 0536
v. ) (No. 3:08-mc-0124)
) Judge Trauger
DEPUTY SWIATECK, et al. )
    Defendants. )

## MEMORANDUM

The plaintiff, proceeding *pro se*, is an inmate at the Montgomery County Jail in Clarksville, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against Deputy Swiateck and Sgt. Collins, members of the staff at the jail, seeking damages.

On February 19, 2008, Deputy Swiateck placed the plaintiff in segregation where he remained for 38 hours. The plaintiff complains that the defendants punished him for a disciplinary infraction without the benefit of any type of due process. In addition, he suggests an equal protection claim by characterizing each of the defendants as a "slick racist".

To state a claim for § 1983 relief, the plaintiff must plead and prove that the defendants, while acting under color of state law, deprived him of some right guaranteed by the Constitution or laws of the United States. Parratt v. Taylor, 101 S.Ct. 1908 (1981).

The plaintiff believes that he was falsely accused of a disciplinary infraction and was then denied due process prior to being placed in segregation. For several years, it was well settled that an inmate facing the possibility of disciplinary sanctions was entitled to a certain degree of procedural due process. Wolff v. McDonnell, 94 S.Ct. 2963 (1974). This process included advance

written notice of the charge, a hearing to resolve the charge during which the accused may present documentary evidence and call witnesses, and a written statement from the fact-finder describing the evidence relied upon and the reasons for the disciplinary action taken.

The Supreme Court, however, has changed the methodology used to determine whether an inmate has a liberty interest worthy of due process protection. See Sandin v. Conner, 115 S.Ct. 2293 (1995). Federal courts are no longer required to examine the language of prison regulations to ascertain whether substantive restrictions have been placed upon the discretion of prison officials. Rather, our inquiry now focuses on whether the imposition of a particular disciplinary sanction " presents the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." Id. at 115 S.Ct. 2301.

The Sandin opinion reaffirmed that when a prison disciplinary sanction directly affects the length of a prisoner's incarceration, the prisoner has an inherent liberty interest subject to the procedural safeguards announced in Wolff, supra. However, when the disciplinary sanction contemplated would not "impose atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," the procedural due process described in Wolff does not apply. Sandin, at 115 S.Ct. 2300.

There is nothing in the complaint to suggest that the plaintiff was made to suffer an atypical and significant hardship sufficient to create a liberty interest subject to constitutional protection. Id. (finding that thirty days in punitive segregation was neither atypical nor a significant hardship). Moreover, there is no evidence to suggest that the disciplinary sanction imposed upon the plaintiff directly affected the length of his incarceration. Thus, the plaintiff's placement in segregation for 38 hours, standing alone, did not offend his right to due process.

The plaintiff also suggests that his placement in segregation was in some way racially

motivated. There are no factual allegations in the complaint, however, that would support such an implied claim. The plaintiff has not identified the racial backgrounds of the parties. Nor has he alleged any facts from which the Court might infer that the plaintiff's placement in segregation was motivated by anything other than a legitimate reason. As a consequence, plaintiff's equal protection claim is conclusory in nature and will not provide a basis for recovery of damages. Smith v. Rose, 760 F.2d 102, 106 (6th Cir. 1985).

In the absence of conduct in violation of federal law, the plaintiff is unable to prove every element of his cause of action. Thus, he has failed to state a claim upon which relief can be granted. Under such circumstances, a district court is obliged to dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2). Therefore, this action shall be dismissed.

An appropriate order will be entered.

Aleta A. Trauger
United States District Judge